UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN D. HUGHES #182524,

      Petitioner,

                              File No. 2:07-CV-211

v.

                              HON. ROBERT HOLMES BELL

DAVE BERGH,

      Respondent.
                                          /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

      United States Magistrate Judge Timothy Greeley issued a Report and Recommendation ("R&R") on November 29, 2007, recommending that Petitioner Marvin Hughes's 28 U.S.C. § 2254 petition pursuant to Rule 4 of the Rules Governing § 2254 Cases be dismissed. (Dkt. No. 2.) Petitioner filed objections to the R&R on December 4, 2007. (Dkt. NO. 3.) For the reasons that follow, Petitioner's objections are denied and the R&R is adopted as the opinion of the Court.

      This Court is required to make a *de novo* review of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Several of Petitioner's objections restate arguments already made in his § 2254 motion and considered by the Magistrate Judge. The Court agrees with the Magistrate Judge's conclusions, and those arguments will not be addressed in this memorandum opinion.

Petitioner was denied parole release on December 8, 2006. Generally, Petitioner objects that one of the parole board's stated reasons for denial of parole release was that Petitioner's crime of assault involved "psychological or physical torture."[1] Petitioner contends that the Magistrate Judge misconstrued Petitioner's claim. Petitioner claims he has a liberty interest in parole *eligibility*, though the Magistrate Judge determined that Petitioner does not have a liberty interest in parole *release* under Michigan law. However, the Court notes that Petitioner was not denied *eligibility* for parole; according to Petitioner's motion, the parole board considered Petitioner for parole release (which it would not have done if Petitioner had not been eligible for parole) and made the decision to deny parole release.

Petitioner also contends that he became eligible for parole consideration in July, 2005, but his parole hearing was not held until December, 2006. To the extent that Petitioner claims a violation of rights because his parole hearing was delayed, Petitioner's claim fails because Petitioner does not have a liberty interest in parole and because he has not alleged any prejudice caused by such delay. *See Flowers v. Traughber*, No. 94-5272, 41 F.3d 1506 (6th Cir. Nov. 22, 1994) (unpublished) (no "due process right in a timely parole hearing"); *Neff v. Johnson*, No. 92-1818, 983 F.2d 1068 (6th Cir. Jan. 21, 1993) (unpublished) (no protected liberty interest to a parole interview).

Petitioner also claims that the parole board's "finding" that he committed a crime

---

[1] The Court notes that the sentencing transcript provided by Petitioner indicates that Petitioner pleaded guilty to, among other crimes, "assault with intent to commit great bodily harm less than murder." (Dkt. No. 1, Ex. 1.)

2

involving "physical or psychological torture" breached his plea agreement, but Petitioner does not specify how this breached his plea agreement, or how this "breach" is material. Petitioner does not assert that any specific promises regarding parole release were made in connection with the plea agreement.

In addition, Petitioner claims that this "finding" by the parole board indicates that his plea agreement was not knowingly and voluntarily made. Petitioner contends that if he had known that the parole board would make this finding, or if he had known that he was pleading guilty to a crime involving physical or psychological torture, he would not have entered into the plea agreement. However, Petitioner cites no case law for the proposition that the discretionary denial of parole release based in part on the nature of the crimes to which a prisoner pleaded guilty could indicate that a plea agreement was not voluntarily or knowingly made. The Sixth Circuit Court of Appeals identified the requirements for plea agreements in *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994), stating:

> To be valid, a guilty plea must be made voluntarily and intelligently. The plea must be made with knowledge of the "relevant circumstances and likely consequences." The defendant need only be aware of the direct consequences of the plea, however; the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea.

*Id.* at 153. The failure of a criminal defendant to understand the collateral consequences of a guilty plea does not render such a plea invalid. *See People v. Davidovich*, 606 N.W.2d 387, 391 (Mich. App. 1999) ("We have found no authority that holds collateral consequences should be considered in allowing a defendant to withdraw his guilty plea after having been sentenced. Such a holding would seriously jeopardize the finality of plea-based

3

convictions."). The discretionary denial of parole release is a collateral consequence that, even if not known by the defendant when entering the plea agreement, is too indirect to invalidate a plea agreement or render it involuntarily or unknowingly made. *See Brown v. Perini*, 718 F.2d 784, 789 (6th Cir. 1983) (concurring with other circuits holding that "due process does not require that a defendant [entering a guilty plea] be advised regarding parole consequences"); *King*, 17 F.3d at 154 ("[A] defendant need not be informed of the details of his parole eligibility, including the possibility of being ineligible for parole."); *People v. Johnson*, 320 N.W.2d 876 (Mich. 1982) (holding that the trial court did not err in not informing defendant of the consequences to parole eligibility of pleading guilty).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 3) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 2) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner Marvin Hughes's 28 U.S.C. § 2254 petition (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 42 U.S.C. 2253(c)(2).

Dated: October 30, 2008                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE